RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 18 2007

JAMES N. HATTEN, Clerk
By:  Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNETTE SHOULTS, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>NORTHSTAR LOCATION :<br>SERVICES, LLC, a New York :<br>Company, :<br>:<br>Defendant. :<br>_____ : | CIVIL ACTION FILE<br><br>NO. 1 07.MI-0273 |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

-1-

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

4. Defendant, NORTHSTAR LOCATION SERVICES, LLC, is a corporation formed under the laws of the state of New York. [Hereinafter, said Defendant is referred to as "NORTHSTAR."]

5. NORTHSTAR is subject to the jurisdiction and venue of this Court.

6. NORTHSTAR may be served by personal service upon its registered agent in the State of Georgia, to wit: CT Corporation System, 1201 Peachtree St., NE, Atlanta, GA 30361.

7. Alternatively, NORTHSTAR may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia or New York.

## FACTS COMMON TO ALL CAUSES

8. NORTHSTAR uses the mails in its business.

9. NORTHSTAR uses telephone communications in its business.

10. The principle purpose of NORTHSTAR's business is the collection of debts.

11. NORTHSTAR regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

12. NORTHSTAR is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, NORTHSTAR communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. In or around September, 2007, NRA left a series of voice messages for Plaintiff.

15. In all of the messages, the speaker did not state that the communication was from a debt collector.

16. In one of the messages, the speaker did not give adequate disclosure as to the identity of the caller.

17. Defendant's communications violate the Fair Debt Collection Practices Act.

18. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

19. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

21. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

22. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

23. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

24. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**THE LAW OFFICES OF JAMES M. FEAGLE, P.C.**

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970